IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES H. BREWER                                            PLAINTIFF

       v.                Civil No. 05-2096

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Charles H. Brewer brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423, and § 1602 of Title XVI, 42 U.S.C. § 1381a, respectively. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The plaintiff filed his application for DIB and SSI on February 13, 2003, alleging an onset date of January 9, 2003. (Tr. 48-50, 229-231.) The applications were initially denied (Tr. 23-24, 232) and those denials were upheld upon reconsideration (Tr. 25-26, 235). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 33.)

On December 15, 2003, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 243.) The ALJ issued an unfavorable ruling on February 4, 2003, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 12-21.) The

plaintiff then requested a review of the hearing by the Appeals Council (Tr. 9-11), which denied that request on May 12, 2005 (Tr. 3-5); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed her complaint with this court on June 23, 2005, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 11, 12.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 9.)

At the time of the hearing. plaintiff was 38 years of age. He had a high school diploma, but received that with Special Education credits and he is functionally illiterate. (Tr. 248-249.) His past relevant work included work as a temporary laborer performing odd jobs such as cleaning out moving trucks. He also has past work at a rendering plant and as a vending driver. (Tr. 253-256.) Plaintiff testified that he had to quit working because of fatigue. He alleges that he is unable to complete an 8-hour work day. He states that he "might be able to do something about a couple of hours and then . . . I'm just wore out." (Tr. 256.) Plaintiff testified that his fatigue is caused by pancreatitis and diabetes. (Tr. 256-258.) Plaintiff testified that he is "sick to [his] stomach" about 90 percent of the time. He drinks a lot of fluids and eats a lot of fruit. (Tr. 260.) Plaintiff testified that he does not have the stomach pains every day, and that when he does have the pains, he takes hydrocodone. (Tr. 263-264.) Plaintiff testified that he also has high blood pressure, but that it is controlled with medication. (Tr. 261.)

In his Disability Report Adult, plaintiff indicates that he is disabled due to Type 2 diabetes, pancreatitis, and high blood pressure. (Tr. 54.) He states that he had to quit working because he was getting sick at work. (Tr. 54, 72.) In his Disability Supplemental Interview Outline, plaintiff indicates that he has severe abdominal pains caused by the pancreatitis which

is constant. The pain is aggravated by physical activity such as walking and standing for a long period of time and food. Rest helps relieve the pain. (Tr. 73.)

The ALJ found that the medical evidence indicates that plaintiff suffers from diabetes mellitus and essential hypertension, which are considered severe conditions (Tr. 18, 20), but that these conditions did not meet the listing requirements of the Regulations. The ALJ further noted that plaintiff allegedly suffers from depression and anxiety, but that there was no medical evidence to support these allegations. (Tr. 18.) The ALJ decided that plaintiff has the residual functional capacity (RFC) to perform a full range of light exertional work, and could perform is past relevant work as a laborer fo temporary services, a laborer at a rendering plant, and as a vending driver. (Tr. 20.) Thus, the ALJ found that plaintiff is not disabled, as defined by the Act. (Tr. 20.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

A thorough review of the record indicates that the ALJ failed to properly consider all the medical evidence with regard to Plaintiff's physical complaints and diagnosis of chronic pancreatitis. While the ALJ describes the background of the opinion the extensive medical evidence of the chronic pancreatitis diagnosis, he fails to consider that diagnosis when analyzing the severity of plaintiff's medical condition. (Tr. 18.) In fact, the ALJ incorrectly states that plaintiff alleges the disability is based only on the diabetes mellitus and essential hypertension. (Tr. 16.)

The record is replete with evidence and specific references concerning plaintiff's diagnosis of chronic pancreatitis and the repeated treatments he received for this condition. (Tr. 87, 90, 91, 99, 101-103, 106, 108, 112, 113, 115, 120, 123-129, 131-136, 175, 178-180, 182, 184, 185, 213, 217, 221, 224, 225.) This evidence is in addition to plaintiff's testimony concerning the pancreatitis and his allegations in this applications and supplemental documents that the pancreatitis contributed to his disability.

"Symptoms and signs [of chronic pancreatitis] may be identical to those of acute pancreatitis. Although there is occasionally no pain, severe epigastric pain may last many hours or several days. Abdominal pain may subside as acinar cells that secrete pancreatic digestive enzymes are progressively destroyed." *The Merck Manual*, 274 (17th Ed.).

After careful consideration of the above record evidence, we question the ALJ's failure to analyze the plaintiff's alleged chronic pancreatitis condition. "Although a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency had no practical effect on the outcome of the case, *see Senne v. Apfel,* 198 F. 3d 1065, 1067 (8th Cir.

1999), the ALJ is not free to ignore medical evidence but rather must consider the whole record." *Reeder v. Apfel,* 214 F. 3d 984, 988 (8th Cir. 2000). In the case at bar, the ALJ's complete disregard for the medical evidence submitted relative to Plaintiff's chronic pancreatic condition is not harmless error. Plaintiff alleged disability due, in part, to this condition from the onset of the application process. This issue is not new and cannot properly be ignored. The ALJ limits his discussion to alleged diabetes mellitus and essential hypertension. By doing so, he failed to consider the entire record before him. The decision indicates the ALJ failed to adequately or properly consider either plaintiff's allegations, or the medical evidence pertaining to his pancreas. Therefore, this matter must be reversed and remanded for consideration of the entire record.

Further, the undersigned notes that the ALJ mentions the plaintiff also alleged depression and anxiety as debilitating conditions, however the ALJ fails to perform the required special technique in evaluating these mental conditions. Whenever adult claimants allege a mental impairment, the application of a special technique must be followed at each level of the administrative review process. *See* 20 C.F.R. § 416.920a(a).

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. *See* 20 C.F.R. § 416.920a(d). Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. *See* 20 C.F.R. § 416.920a(e). On remand, proper analysis of these conditions must be performed, as well.

AO72A
(Rev. 8/82)

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ herein, denying benefits to the Plaintiff, is not supported by substantial evidence of record, and should be reversed. This matter should be remanded to the Commissioner for reconsideration consistent with this opinion.

DATED this 7th day of June 2006.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)